# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CRIMINAL ACTION |
| ) | No. 10-20071-03-KHV |
| ) | |
| VAJRA A.J. ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On May 19, 2010, a grand jury charged defendant with manufacture and conspiracy to manufacture 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) and 18 U.S.C. § 2 (Counts 1 and 2) and being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 4). See Indictment (Doc. #1). Defendant filed a motion to suppress, arguing that the affidavit for a warrant to search his residence did not establish probable cause. See Doc. #55, filed August 23, 2010. The Court held a hearing and overruled the motion to suppress. See Doc. #73, filed September 28, 2010.

On October 25, 2010, a jury found defendant guilty on Count 4. As to Counts 1 and 2, the jury reported that it was unable to reach a verdict. The Court declared a mistrial on Counts 1 and 2. This matter is before the Court on defendant's Renewed Motion To Suppress Illegally Seized Evidence And Memorandum In Support Thereof And Request For Franks Hearing (Doc. #97) filed December 1, 2010. For reasons set forth below, the Court finds that defendant's motion should be overruled.

**Facts**

The affidavit for a search warrant of defendant's residence stated in part as follows.

On July 17, 2009, an anonymous source (the "SI") contacted Deputy Chris Thomas of the Douglas County Sheriff's Office. The SI told Deputy Thomas that Christopher Feaster and Margaret Beedles had a marijuana grow operation at their residence at 1713 E. 1500 Road, Lawrence, Kansas. Deputy Thomas obtained the electric utility records for that address. The electric bills showed that between January and July of 2009, its electric usage was three times the usage of neighboring residences.

The SI also told Deputy Thomas that Vajra Robinson was participating in the grow operation by supplying water in five-gallon jugs. On July 28, 2009, Deputy Thomas conducted a trash pull at Robinson's residence at 1801 E. 25th Terrace, Lawrence, Kansas. He recovered documents with Robinson's name on them, a stem from a marijuana plant and handwritten notes related to drug use.

Deputy Thomas checked the criminal records of Feaster, Beedles and Robinson and determined that Feaster had three prior narcotic violations. Deputy Thomas checked with the Kansas Department of Labor and determined that Feaster and Robinson were not employed.

On August 20, 2009, Deputy Thomas applied to the Douglas County District Court for a search warrant for 1713 E. 1500 Road. On August 21, 2009, officers executed the search warrant and found a marijuana grow operation in the basement. Officers located approximately a dozen empty five-gallon jugs inside and outside the residence.

On August 24, 2009, Deputy Thomas applied for and received a search warrant for Robinson's residence. The warrant authorized the seizure of items related to the marijuana grow

operation, including documents and five-gallon water jugs. On August 25, 2009, officers executed the warrant and recovered marijuana, drug paraphernalia, two .45 caliber pistols, plastic bags with holes which were identical to ones recovered at the Feaster residence, documents and numerous empty five-gallon water jugs. Robinson admitted to Deputy Thomas that he had been transporting water to the Feaster residence, but denied that he was involved in the marijuana grow operation.

## **Legal Standards**

Probable cause for a warrant exists only when an affidavit in support of a search warrant contains facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence of criminal activity. United States v. Danhauer, 229 F.3d 1002, 1006 (10th Cir. 2000). When reviewing a magistrate's determination of probable cause for a search warrant, a reviewing court "must consider the totality of the circumstances and determine whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area." United States v. Wittgenstein, 163 F.3d 1164, 1171 (10th Cir. 1998). A magistrate's finding of probable cause should be accorded "great deference," and the Court asks "only whether the issuing magistrate had a 'substantial basis' for determining probable cause existed." Id. at 1172 (quoting Lawmaster v. Ward, 125 F.3d 1341, 1348 (10th Cir. 1997)). The magistrate may draw reasonable inferences from the affidavit. See United States v. Edmonson, 962 F.2d 1535, 1540 (10th Cir. 1992) (court considers affidavit considered in "common sense, nontechnical manner"). Probable cause requires a nexus between suspected criminal activity and the place to be searched. United States v. Rowland, 145 F.3d 1194, 1202-04 (10th Cir. 1998). Probable cause to issue a search warrant exists when the supporting affidavit sets forth sufficient facts that would lead a

prudent person to believe that a search of the described premises would uncover contraband or evidence of a crime. Id.

Where an affiant makes a false statement, the search warrant is void if the affidavit's remaining content is insufficient to establish probable cause. This prohibition likewise applies to intentional or reckless omissions of material facts which, if included, would vitiate probable cause. United States v. Basham, 268 F.3d 1199, 1204 (10th Cir. 2001) (citing Franks v. Delaware, 438 U.S. 154, 171-72 (1978)).

Defendant has the burden to establish by a preponderance of the evidence that the affiant included a false statement in the affidavit "knowingly and intentionally, or with reckless disregard for the truth." United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997) (citing Franks, 438 U.S. at 155-56). Defendant must also prove that "the false statement was necessary to the finding of probable cause." Id. If he proves both, the Court must exclude the fruits of the search as if probable cause was lacking on the face of the affidavit. Id. The standards of deliberate falsehood and recklessness apply to material omissions as well as affirmative falsehoods. United States v. Avery, 295 F.3d 1158, 1166 (10th Cir. 2002). As to omissions, the test for materiality "is determined by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have given rise to probable cause for the warrant." Stewart v. Donges, 915 F.2d 572, 582 n.13 (10th Cir. 1990).

## **Analysis**

In support of his renewed motion to suppress, defendant argues that the Court should suppress all evidence obtained during the search of his residence because the affidavit (1) contained material false statements and material omissions and (2) did not provide a substantial basis for the


judge to find probable cause to search defendant's residence. Defendant's memorandum in large part repeats the arguments in support of his original motion to suppress and the Court will not revisit those arguments. Defendant asserts some additional arguments based upon trial testimony, however, and the Court briefly addresses those arguments.

Defendant asserts that Heather Heideman was the source to which the affidavit referred. He contends that Heideman testified to facts which demonstrate that Deputy Thomas made material false statements in the search warrant affidavit. For example, defendant points out that Heideman testified that Deputy Thomas phoned her to obtain information, while the affidavit indicated that the source called Deputy Thomas with the information. Further, Heideman testified that she did not tell Deputy Thomas that she was concerned about defendant taking her child to the Feaster residence because of the presence of marijuana, while the affidavit stated that the source expressed such a concern. Heideman's testimony on these matters, however, did not establish that the affidavit contained material false statements. The Court's review of all of the evidence indicates that defendant has not met his burden to show that the affidavit contained material false statements or omissions.

Defendant also argues that the affidavit was based upon stale information. See United States v. Snow, 919 F.2d 1458, 1459 (10th Cir. 1990) (no probable cause where information no longer supports affidavit's underlying assertion that item sought will be found in area or location to be searched) (dicta). Whether the information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized. Id. at 1460. When the circumstances suggest ongoing criminal activity, the passage of time recedes in importance. United States v. Mathis, 357 F.3d 1200, 1207 (10th Cir. 2004). Further,

otherwise stale information may be refreshed by more recent events. Here, although the affidavit included historical information about the participants, it also included information that three days earlier, a search of the Feaster residence had indicated ongoing criminal activity, thereby corroborating the challenged information.

The Court finds that defendant has failed to demonstrate that affidavit did not provide a substantial basis for the judge to find probable cause for the search.

**IT IS THEREFORE ORDERED** that defendant's <u>Renewed Motion To Suppress Illegally Seized Evidence And Memorandum In Support Thereof And Request For Franks Hearing</u> (Doc. #97) filed December 1, 2010 be and hereby is **OVERRULED**.

**Counsel is reminded that trial is set for January 31, 2011 at 9:30 a.m.**

Dated this 29th day of December, 2010 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge