# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>VAJRA A.J. ROBINSON, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br>No. 10-20071-03-KHV |

## MEMORANDUM AND ORDER

On May 19, 2010, a grand jury charged defendant Vajra Robinson with manufacturing and conspiracy to manufacture 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) and 18 U.S.C. § 2 (Counts 1 and 2) and being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 4). See Indictment (Doc. #1). On October 25, 2010, a jury found defendant guilty on Count 4. As to Counts 1 and 2, the jury reported that it was unable to reach a verdict. The Court declared a mistrial on Counts 1 and 2. On December 29, 2010, the Court overruled defendant's motion for judgment of acquittal and set the jury trial on Counts 1 and 2 for January 31, 2011. On January 7, 2011, defendant Robinson was arraigned on a superceding indictment which expanded the time frame of the conspiracy charged in Count 1 and added a codefendant, Tanna Hess. See Doc. #119.

This matter is before the Court on the government's Motion For Continuance Of Trial Setting (Doc. #120) filed January 9, 2011 and defendant Vajra Robinson' Motion To Continue Jury Trial, Extend Deadline For Filing Of Pretrial Motions And Schedule Pretrial Motion Hearing Date (Doc. #121) filed January 10, 2011. Defendant seeks a continuance of the trial to accommodate

defense counsel's medical treatment and trial schedule. The government seeks to continue the trial to the trial date set for defendant Tanna R. Hess.

Under the Speedy Trial Act, a continuance may be appropriate where failure to grant such a continuance would deny defendant continuity of counsel or would deny counsel for defendant "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Based on the circumstances set forth in detail in defendant's motion, the Court finds under 18 U.S.C. § 3161(h)(7)(A) that the ends of justice served by granting a continuance outweigh the interests of the public and defendant in a speedy trial.[1] Specifically, the Court finds that the following points justify the continuance:

> 1) Defense counsel has a medical condition which requires medical intervention and treatment. He has been out of the office recuperating and rehabilitating over the past few weeks.
>
> 2) Defense counsel is set to begin a trial in state court this week. Once that trial concludes early next week, defense counsel will likely require surgery and further medical treatment.
>
> 3) Defense counsel requires additional time to discuss the case with defendant, determine available defenses and explore possible disposition of charges without preceding to trial.
>
> 4) Defendant is currently on pretrial release.

The Court finds that the ends of justice served by granting a continuance outweigh the interests of the public and defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). The Court

---

[1] Defendant's motion cites 18 U.S.C § 3161(h)(8)(A). The Court notes that Congress has amended the statute. The provision set out in former subsection (h)(8)(A) is now set forth in subsection (h)(7)(A). See Pub. L. No. 110-406 (2008).

finds the period from January 31, 2011 to March 14, 2011 excludable under 18 U.S.C. § 3161(h)(6) and (h)(7)(A).[2]

**IT IS THEREFORE ORDERED** that the government's Motion For Continuance Of Jury Trial (Doc. #120) filed January 9, 2011 and defendant Vajra Robinson's Motion To Continue Jury Trial, Extend Deadline For Filing Of Pretrial Motions And Schedule Pretrial Motions Hearing Date (Doc. #121) filed January 10, 2011 be and hereby are **SUSTAINED**.

**Jury trial is set for March 14, 2011 at 9:30 a.m. The pretrial motions deadline is February 15, 2011. The response date is February 22, 2011. The motions hearing is set for March 1, 2011 at 1:30 p.m.**

**The Court further finds that the period from January 31, 2011 to March 14, 2011 is excludable under 18 U.S.C. § 3161(h)(7)(A).**

Dated this 12th day of January, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2] As the government points out, under the provisions of 18 U.S.C. § 3161(h)(6), a reasonable period of delay is excludable when defendant is joined for trial with a codefendant (here, Tanna Hess) as to whom the time for trial has not run and no motion for severance has been granted.