**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CRIMINAL ACTION |
| ) | No. 10-20071-03-KHV |
| ) | |
| VAJRA A. J. ROBINSON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On May 19, 2010, a grand jury charged defendant with manufacturing and conspiracy to manufacture 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) and 18 U.S.C. § 2 (Counts 1 and 2), and being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 4). See Indictment (Doc. #1). Defendant filed a motion to suppress, arguing that the affidavit for a warrant to search his residence did not establish probable cause. See Doc. #55, filed August 23, 2010. The Court held a hearing and overruled the motion to suppress. See Doc. #73, filed September 28, 2010. On October 25, 2010, a jury found defendant guilty on Count 4. The jury was unable to reach a verdict on Counts 1 and 2. The Court declared a mistrial on Counts 1 and 2 and set the matter for re-trial on those counts.

On December 1, 2010, defendant filed a renewed motion to suppress which raised the same arguments as the original motion but also relied upon trial testimony of Heather Heideman. See Doc. #97. The Court overruled the motion for substantially the reasons it overruled the first motion to suppress. See Memorandum And Order (Doc. #116) filed December 29, 2010. This matter comes before the Court on defendant's [Second] Renewed Motion To Suppress Illegally Seized

Evidence And Request For Franks Hearing (Doc. #126) filed February 15, 2011.  For reasons set forth below, the Court finds that defendant's motion should be overruled.

## **Facts**[1]

The affidavit for a search warrant of defendant's residence stated in part as follows.

On July 17, 2009, an anonymous source (the "SI") contacted Deputy Chris Thomas of the Douglas County Sheriff's Office.  The SI told Deputy Thomas that Christopher Feaster and Margaret Beedles had a marijuana grow operation at their residence at 1713 E. 1500 Road, Lawrence, Kansas.  Deputy Thomas obtained the electric utility records for that address.  The electric bills showed that between January and July of 2009, electric at that address was three times the usage of neighboring residences.

The SI also told Deputy Thomas that Vajra Robinson was participating in the grow operation by supplying water in five-gallon jugs.  On July 28, 2009, Deputy Thomas conducted a trash pull at Robinson's residence at 1801 E. 25th Terrace, Lawrence, Kansas.  He recovered documents with Robinson's name on them, a stem from a marijuana plant and handwritten notes related to drug use.

On August 20, 2009, Deputy Thomas applied to the Douglas County District Court for a search warrant for 1713 E. 1500 Road.  On August 21, 2009, officers executed the search warrant and found a marijuana grow operation in the basement.  Officers located many empty five-gallon jugs inside and outside the residence.

On August 24, 2009, Deputy Thomas applied for and received a search warrant for Robinson's residence.  The warrant authorized the seizure of items related to the marijuana grow

---

[1] The Court includes only a brief summary of the relevant facts based on the evidence introduced at the hearing on defendant's first motion to suppress, at the trial and by affidavit.

-2-

operation, including documents and five-gallon water jugs. On August 25, 2009, officers executed the warrant and recovered marijuana, drug paraphernalia, two .45 caliber pistols, plastic bags with holes which were identical to ones recovered at the Feaster residence, documents and numerous empty five-gallon water jugs. Robinson told Deputy Thomas that he had been transporting water to the Feaster residence, but denied that he was involved in the marijuana grow operation.

## **Legal Standards**

Probable cause for a warrant exists only when an affidavit in support of a search warrant contains facts sufficient to lead a prudent person to believe that a search will uncover contraband or evidence of criminal activity. United States v. Danhauer, 229 F.3d 1002, 1006 (10th Cir. 2000). When reviewing a magistrate judge's determination of probable cause for a search warrant, a reviewing court "must consider the totality of the circumstances and determine whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area." United States v. Wittgenstein, 163 F.3d 1164, 1171 (10th Cir. 1998). A magistrate judge's finding of probable cause should be accorded "great deference," and the Court asks "only whether the issuing magistrate had a 'substantial basis' for determining probable cause existed." Id. at 1172 (quoting Lawmaster v. Ward, 125 F.3d 1341, 1348 (10th Cir. 1997)). The magistrate judge may draw reasonable inferences from the affidavit. See United States v. Edmonson, 962 F.2d 1535, 1540 (10th Cir. 1992) (court considers affidavit considered in "common sense, nontechnical manner"). Probable cause requires a nexus between suspected criminal activity and the place to be searched. United States v. Rowland, 145 F.3d 1194, 1202-04 (10th Cir. 1998).

Where an affiant makes a false statement, the search warrant is void if the affidavit's remaining content is insufficient to establish probable cause. This prohibition likewise applies to

intentional or reckless omissions of material facts which, if included, would vitiate probable cause. United States v. Basham, 268 F.3d 1199, 1204 (10th Cir. 2001) (citing Franks v. Delaware, 438 U.S. 154, 171-72 (1978)).

Defendant must establish by a preponderance of the evidence that the affiant included a false statement in the affidavit "knowingly and intentionally, or with reckless disregard for the truth." United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997) (citing Franks, 438 U.S. at 155-56). Defendant must also prove that "the false statement was necessary to the finding of probable cause." Id. If he proves both, the Court must exclude the fruits of the search as if probable cause was lacking on the face of the affidavit. Id. The standards of deliberate falsehood and recklessness apply to material omissions as well as affirmative falsehoods. United States v. Avery, 295 F.3d 1158, 1166 (10th Cir. 2002). As to omissions, the test for materiality "is determined by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have given rise to probable cause for the warrant." Stewart v. Donges, 915 F.2d 572, 582 n.13 (10th Cir. 1990).

## **Analysis**

In support of his second renewed motion to suppress, defendant argues that the Court should suppress all evidence obtained during the search of his residence because Deputy Thomas' affidavit (1) contained material false statements and material omissions and (2) did not provide a substantial basis for the judge to find probable cause to search defendant's residence. Defendant's memorandum in large part repeats the arguments in support of his first two motions to suppress and the Court will not revisit those arguments. Defendant asserts additional arguments based upon the

Affidavit Of Heather Heideman (Doc. #127) dated January 3, 2011, and the Court briefly addresses those arguments.

Here, as in his first renewed motion to suppress, defendant asserts that at trial, Heideman testified to facts which demonstrate that Deputy Thomas made material false statements in the search warrant affidavit. For example, defendant points out that Heideman (identified in the affidavit only as the "source" of information) testified that Deputy Thomas phoned her to obtain information, while the affidavit indicated that the source called Deputy Thomas with information. Further, Heideman testified that she did not tell Deputy Thomas that she was concerned about defendant taking her child to the Feaster residence because of the presence of marijuana, while the Thomas affidavit stated that the source expressed such a concern.

As the Court noted in overruling defendant's earlier motion, Heideman's testimony on these matters did not establish that the Thomas affidavit contained material false statements. Defendant points to Heideman's affidavit statements that she "did not call Thomas and ask for help because my child was involved with somebody with marijuana." Doc. #127 at 8. Defendant asserts that this and other statements in Heideman's affidavit prove that Deputy Thomas' affidavit statement to the contrary was false. To the extent that Heideman's trial testimony and affidavit statements conflict with those of Deputy Thomas, however, the Court credits the testimony and affidavit of Deputy Thomas. The Court finds that defendant has not met his burden to show that the Thomas affidavit contained material false statements or omissions. Based on the entire record, the Court further finds that defendant has failed to demonstrate that the Thomas affidavit did not provide a substantial basis for the judge to find probable cause for the search.[2]

---

[2] Defendant requests a Franks hearing to determine whether the affidavit contained
(continued...)

**IT IS THEREFORE ORDERED** that defendant's [Second] Renewed Motion To Suppress Illegally Seized Evidence And Request For Franks Hearing (Doc. #126) filed February 15, 2011 be and hereby is **OVERRULED**.

**Counsel are reminded that trial is set for May 2, 2011 at 9:30 a.m.**

Dated this 14th day of March, 2011 at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            Kathryn H. Vratil
                                            United States District Judge

---

[2](...continued)
material false statements or omissions. See Franks, 438 U.S. at 155-56. Defendant has had ample opportunities – including the first trial and the hearing on the earlier motion to suppress – to present evidence regarding the issues at hand. The Court therefore overrules the motion for a Franks hearing.